No. 6224.

IN THE MATTER OF THE ESTATE OF JAMES N. BROWN.

The court *a qua* had no jurisdiction *ratione materiæ*. The matter in dispute,is a demand in the parish court of over seven thousand dollars by the succession of Brown against the succession of Ventress. The heirs of Brown in that succession are suing the administrator of the succession of Ventress for an amount far exceeding five hundred dollars, based on an indebtedness which they allege was incurred by Ventress while administering upon the succession of Brown.

The succession of Ventress can not be sued by the heirs or creditors of Brown in the parish court on a demand exceeding five hundred dollars, it matters not from what cause the debt originated. The jurisdiction of the courts is fixed by the constitution, and its mandates must be obeyed.

APPEAL from the Parish Court, parish of Iberville. *Cole, J. Matthews & Wailes, Lauve & Talbot,* for plaintiff and appellant. *Barrow & Pope,* for defendants and appellees.

WYLY, J. The motion to dismiss this appeal for want of proper parties is denied, all the parties to the trial in the court below being made parties to this appeal.

James A. Ventress, dative executor of the succession of James N. Brown, was destituted of office and subsequently died without having rendered a satisfactory account of his administration.

Joseph Bessou was appointed administrator of the succession of James A. Ventress.

Mary E. Brown, wife of Henry J. Feltas, one of the heirs of James N. Brown, took a rule in the succession of Brown to compel the administrator of the succession of James A. Ventress to render an account of the administration by Ventress of the succession of Brown.

The administrator of this succession was compelled by rule for contempt to render an account, which was opposed by the heirs of Brown, who prayed an amendment thereof, and for judgment against the succession of Ventress for $7135 76.

Subsequently, the court dismissed for want of jurisdiction *ratione materiæ* the whole proceedings on the account and the oppositions. From this judgment the opponents have appealed.

Estate of Brown.

We think the court did not err. The matter in dispute is a demand in the parish court of over seven thousand dollars by the succession of Brown against the succession of Ventress. The heirs of Brown in that succession are suing the administrator of the succession of Ventress for an amount far exceeding five hundred dollars, based on an indebtedness which, they allege, was incurred by Ventress while administering upon the succession of James N. Brown.

The succession of Ventress can not be sued by the heirs or creditors of Brown in the parish court on a demand exceeding five hundred dollars, it matters not from what cause the debt originated.

By article eighty-seven of the constitution the parish court has no jurisdiction where the amount in dispute exceeds five hundred dollars, and "all suits in which a succession is either a plaintiff or defendant, may be brought either in the parish court or district court, according to the amount involved."

The amount involved here exceeds the jurisdiction of the parish court, and the succession of Ventress is the party sued.

Appellants cite the succession of Twibill, 16 An. 34; also the case of Tessier vs. Littell, 26 An. 602.

The first of these cases has no application; the suit was brought in the district court, which had jurisdiction.

The second might be construed to sustain the position of appellants, but upon mature consideration we can not adhere to the ruling. The jurisdiction of the courts is fixed by the constitution, and its mandates must be obeyed.

Judgment affirmed.